UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MATTEO NANIA,

                     Plaintiff,

-against-

U.S. DEPARTMENT OF EDUCATION,

                     Defendant.

------------------------------------------------------------x

VITALIANO, D.J.

<u>MEMORANDUM AND ORDER</u>

06-CV-1855 (ENV) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 3 0 2008

P.M.
TIME A.M.

       *Pro se* plaintiff Matteo Nania filed the instant action against the United States

Department of Education (the "DOE") seeking the release of his 2005 federal income tax refund,

which had been offset pursuant to the Treasury Offset Program ("TOP"). By Memorandum and

Order, dated February 19, 2008, the Court granted the DOE's motion for summary judgment and

dismissed the action. Judgment was entered on February 20, 2008. Nania now moves the Court

for reconsideration of its February 19, 2008 Order. For the following reasons, Nania's motion is

denied.

       "A motion denominated as a motion for reconsideration . . . will be treated as

either a motion 'to alter or amend' judgment under Rule 59(e) or a motion for 'relief from

judgment' under Rule 60(b)" of the Federal Rules of Civil Procedure. <u>Cornett v. Brown</u>, No. 04-

CV-0754 (DGT)(LB), 2007 WL 2743485, at *3 (E.D.N.Y. Sept. 17, 2007). Under Rule 59(e),

courts have an "opportunity to correct manifest errors of law or fact, hear newly discovered

evidence, consider a change in the applicable law or prevent manifest injustice." <u>U.S. Fid. &</u>

<u>Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras</u>, No. 98-CV-3099, 2005 WL 736149, at *1

(S.D.N.Y. Mar. 29, 2005) (citing <u>Word v. Croce,</u> No. 01 Civ. 9614, 2004 WL 434038, at *2

(S.D.N.Y. Mar. 9, 2004)). Similarly, relief from an order under Rule 60(b) may be granted

"upon a showing of exceptional circumstances," such as the existence of newly discovered

evidence. <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986).

1



Under Rule 59(e) and Rule 60(b), "[t]he standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-257 (2d Cir. 1995); see Soto v. City of New York, No. 07-CV-3047 (RJD), 2007 WL 3124673, at *1 (E.D.N.Y. Oct. 23, 2007) (applying standard for motion brought under Rule 60(b)); Hodge v. City of Long Beach, No. CV 02-5851 (TCP) (AKT), 2007 WL 2891266, at *1 (E.D.N.Y. Sept. 28, 2007) (applying standard for motion brought under Rule 59(e)). Local Civil Rule 6.3 imposes the same standards for reconsideration motions. See Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding that a motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Federal Express Corp., 268 F. Supp. 2d at 195; Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

The DOE moved for summary judgment on the grounds that it complied with the relevant TOP statutes, by providing Nania with adequate notice and an opportunity to contest the offset, and that any other claims were barred by the doctrine of sovereign immunity. In response, Nania filed a two-page affidavit challenging both the existence of the debt and the legality of the offset. Specifically, Nania claimed that there were questions as to the "integrity" and "suitability" of the loan documentation and also claimed that the underlying debt *may* have been paid pursuant to a settlement with the NYSHESC nearly 20 years ago.

The Court granted summary judgment in favor of the DOE. First, the Court found

that the DOE had properly complied with the relevant TOP statutes prior to offset. The Court further held that Nania had provided only the "sheerest of speculation that he ha[d] no underlying enforceable debt to the DOE," and had, therefore, in any event, failed to make a showing sufficient to establish the existence of genuine issues of material fact to defeat summary judgment. Finally, the Court found that to the extent Nania brought claims pursuant to the Federal Torts Claims Act, the Court lacked subject matter jurisdiction, because of Nania's failure to exhaust administrative remedies.

In his motion for reconsideration, Nania offers only the same vague and unsupported allegations that he does not owe the subject debt. He has not offered any new legal authority to support his motion. In the absence of any new, relevant, facts or law, there is no basis for the Court to reconsider its prior decision. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").[12] The motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2008

ERIC N. VITALIANO
United States District Judge

---

[1] In his original motion papers, Nania requested that the Court order the DOE to enter into a settlement agreement with him providing a payment schedule for his debt. As the Court then held, "given that the action must be dismissed, the Court does not have the power to award such relief. Nonetheless, nothing in the Court's ruling prevents the parties from entering into such a repayment plan on a voluntary basis."

[2] The order granting summary judgment to defendant and judgment was entered on February 20, 2008. Pursuant to Local Civil Rule 6.3, "A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10 ) days after the entry of the judgment*." Id. (emphasis in the original). Nania's motion for reconsideration is dated April 18, 2008 and, therefore, if properly served, served more than ten days after the Judgment was entered. Accordingly, it is untimely as well as devoid of substantive merit.